**UNITED STATES of America,
Appellee,**

**v.**

**Rawle HOYTE, Defendant–Appellant.**

**No. 08–0059–cr.**

United States Court of Appeals,
Second Circuit.

May 27, 2009.

Monica R. Jacobson, New York, NY, for Appellant.

Ali Kazemi, Emily Berger, Assistant United States Attorneys, for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge and Hon. RICHARD C. WESLEY, Circuit Judge, Hon. PAUL A. CROTTY,* District Judge.

### SUMMARY ORDER

Defendant–Appellant Rawle Hoyte ("Hoyte") appeals from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*) convicting him, after a jury trial, of: (1) conspiracy to distribute and possess with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(B); (2) attempt to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(C); and (3) distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C). Hoyte was sentenced to 42 months' imprisonment on each count, to run concurrently.

On appeal, Hoyte argues that: (1) the evidence was insufficient to support a conspiracy conviction; (2) the district court erred in failing to issue "buyer-seller" and "single transaction" jury charges; (3) the district court erred by failing to grant Hoyte's motion for a directed acquittal on Count Two; and (4) the district court erred in admitting several taped conversations as non-hearsay statements of a co-conspirator.

---

* The Honorable Paul A. Crotty, District Judge, United States District Court for the Southern District of New York, sitting by designation.

250

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

■■■■ A defendant challenging the sufficiency of the evidence "bears a heavy burden." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir.2003) (internal quotations and citations omitted). In evaluating a sufficiency of the evidence claim, the court must "view[ ] all of the evidence in the light most favorable to the government," *United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir.2002), "resolve all issues of credibility in favor of the jury's verdict," *United States v. Desena*, 260 F.3d 150, 154 (2d Cir.2001) (internal quotations and citations omitted), and "credit[ ] every inference that the jury might have drawn in favor of the government," *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998). The court will not disturb a conviction unless no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bruno*, 383 F.3d 65, 82 (2d Cir. 2004) (internal quotations and citations omitted).

To sustain a conspiracy conviction, the government must prove that "the defendant agreed to the essential nature of the plan . . . and on the kind of criminal conduct . . . in fact contemplated," with the intent to aid in its accomplishment. *See United States v. Salameh*, 152 F.3d 88, 147 (2d Cir.1998) (internal quotations and citations omitted). The agreement, therefore, is the touchstone of the conspiracy charge. *See United States v. Parker*, 554 F.3d 230, 234 (2d Cir.2009) ("The essence of conspiracy is agreement among two or more persons to join in a concerted effort to accomplish an illegal purpose.").

Hoyte argues that the government demonstrated no more than a buyer-seller relationship between Hoyte and Rodney, and that while Hoyte was aware of Rodney's drug distribution ring, he was not a member or an active participant in the conspiracy and did not agree to become one.

The government presented sufficient evidence. The wiretapped conversations indicated that the two conducted extensive discussions about obtaining the drugs (including the possibility that Hoyte would travel to Guyana), selling the drugs (Hoyte obtaining new customers for Rodney), changing the price of the drugs (to attract new customers), and generally arranging for the conspiracy to move forward.

■■ ■■ Hoyte objects to the jury charge on the ground that the district court should have issued two additional instructions: a buyer-seller instruction and a single-transaction instruction.

Defense counsel failed to request these instructions at the trial court so the omissions are reviewed for plain error. To establish plain error, there must be "(1) error, (2) that is plain, and (3) that affect[s] substantial rights." *United States v. Irving*, 554 F.3d 64, 78 (2d Cir.2009) (internal quotations and citations omitted). No plain error can be found where, as here, the government presented ample evidence beyond a mere buyer-seller relationship and demonstrated that defendant engaged in more than a single transaction. The district court did not plainly err in concluding that no such instruction was necessary in light of the evidence presented.

■■ ■■ Hoyte argues that the government failed to introduce sufficient evidence to convict him of attempting to distribute cocaine when the government did not demonstrate that Hoyte took a "substantial step" toward the commission of the drug conspiracy.

"A person is guilty of an attempt to commit a crime if he or she (1) had the

intent to commit the crime, and (2) engaged in conduct amounting to a 'substantial step' towards the commission of the crime." *United States v. Martinez*, 775 F.2d 31, 35 (2d Cir.1985). " 'A substantial step must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime . . . .' " *Id.* (quoting *United States v. Manley*, 632 F.2d 978, 987–88 (2d Cir.1980)).

Hoyte claims that the evidence of attempt consisted solely of his receipt of the drug samples from Rodney, but his receipt of the samples and his distribution of one of them to a third party are alone sufficient to demonstrate a substantial step.

■ ■ For the first time on appeal, Hoyte objects to the admission at trial of taped conversations between Rodney and Rodney's cousin Derune. To be admissible as the non-hearsay statements of a co-conspirator under Federal Rule of Evidence 801(d)(2)(E), "the court must find (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy." *United States v. Maldonado–Rivera*, 922 F.2d 934, 958 (2d Cir. 1990).

Preliminary questions as to whether a statement meets the Rule 801(d)(2)(E) requirements are determined by the trial court by a preponderance of the evidence. *Maldonado–Rivera*, 922 F.2d at 959. The district court may consider the contents of the statement itself, but corroborating evidence must also support defendant's participation in the conspiracy. *Desena*, 260 F.3d at 157–58. Because Hoyte did not object at trial, the admission is reviewed for plain error. *See United States v. Uddin*, 551 F.3d 176, 180 (2d Cir.2009).

The government sufficiently demonstrated by a preponderance of the evidence that Hoyte, Rodney, and Derune were all members of the same cocaine-import conspiracy. Derune was the individual who introduced Hoyte and Rodney in the hope of furthering the conspiracy and taking an additional cut of profits for himself. Moreover, the wiretap evidence revealed that Derune called Rodney to check on Hoyte's status, encourage Hoyte's involvement in Rodney's scheme, and discuss the possibility that he (Derune) could aid Hoyte in efforts to travel to Guyana and bring drugs back. Under those circumstances, the trial court did not clearly err in admitting Derune's statements under Rule 801(d)(2)(E).

We have reviewed Appellant's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above the judgment of the district court is AFFIRMED.